UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In Re RAPID SETTLEMENTS, LTD'S APPLICATION FOR APPROVAL OF TRANSFER OF STRUCTURED SETTLEMENT PAYMENT RIGHTS, | NO. CV-13-5030-LRS<br><br>ORDER GRANTING MOTION FOR REMAND TO STATE COURT |

The long and tortured history of this litigation is found in the pleadings filed in <u>In Re Rapid Settlements, Ltd's Application For Approval Of Transfer Of Structured Settlement Payment Rights</u>, Eastern District of Washington Cause No. CV-12-5115-LRS. The underlying action herein was remanded to state court on November 6, 2012, in a prior Order Granting Motion For Remand To State Court (ECF No. 21) in the foregoing cause. With exceptions noted hereafter, very little has changed during the interim.

To avoid repetition, the court will not describe the numerous legal proceedings both in state and federal courts in Washington and Texas inasmuch as this information can be gleaned by a reading of the briefs, affidavits and related materials which have been filed both here and in the prior litigation (CV-12-5115-LRS).

ORDER - 1

After remand of this litigation to the Benton County Superior Court, FinServ Casualty Corporation (FinServ) and A.M.Y. Property and Casualty Corporation (A.M.Y.)were joined in the Benton County Superior Court litigation pursuant to the motion of Symetra following a belated claim that those entities have a security interest in proceeds being sought by Symetra.  Symetra is attempting to enforce the terms of a state court decree against the challenges of FinServ and A.M.Y. as well as any others.

Not wishing to accept the authority and jurisdiction of the Benton County Superior Court, FinServ and A.M.Y filed a Notice of Removal to this court pursuant to 28 U.S.C. § 1332(a)(1), (a)(2), 1441, and 1446.  Also pending before this court are defendants' motions to dismiss pursuant to Federal Rule of Civil Procedure 12 (ECF No. 2, 3, and 4).  Symetra's Motion for Remand to State Court (ECF No. 13) summarizes once again its concerns and objections to additional proceedings in this court in light of the history of this litigation.

## LEGAL ANALYSIS

A party seeking to remove a state court action to the federal court has the burden of proving removal is proper.  In determining validity of a removal notice, a strong presumption exists against removal and as noted by Symetra, . . . "doubts are resolved in favor of remand."  *Gaus v. Miles, Inc.*, 980 F.2nd 564, 566 (9th Cir. 1992). Moreover, the courts have for many years reminded us that removal statutes are strictly construed against removal because they deprive

ORDER - 2

state courts of jurisdiction over cases which are otherwise properly before the state court. *Abrego v. Dow Chem. Co.*, 443 F.3rd 676, 685 (9th Cir. 2006).

The court finds that the litigation pending in Benton County Superior Court prior to removal is an ancillary action. It is not new litigation which reestablishes or reopens the right of removal by a party more than one year after the original litigation was commenced.

While FinServ and A.M.Y allege diversity jurisdiction exists, for the reasons stated in the briefing provided by Symetra, the removing parties have not proven that an amount in excess of $75,000 has been placed in issue. Given the ancillary nature of the proceeding in Benton County Superior Court, the lack of timeliness in removal and the failure to carry forth its burden of showing an amount at issue in excess of $75,000 in this proceeding, the court finds that Symetra's Motion To Remand should be GRANTED.

Symetra suggests that FinServ and A.M.Y. have had no objectively reasonable basis for seeking removal and have done so solely for further delay. This argument has merit. The court concurs that the award of fees and costs to Symetra is appropriate. Moreover, the initiation of further legal proceedings of a similar nature by FinServ and A.M.Y. or related entities in this court concerning matters which should remain in Benton County Superior Court may well, if then appropriate, subject those parties and counsel to imposition of sanctions. At this juncture, FinServ and A.M.Y. have, insofar as

ORDER - 3

known, no readily apparent ongoing business purpose. The arguments for removal vary little from the prior motion to remand which the court granted. The principle claims for removal associated herein have little, if any, support in the case law. Accordingly, it is hereby

ORDERED:

1. Symetra's Motion For Remand (ECF No. 13) is **GRANTED** and the above entitled action is remanded to the Superior Court of Benton County, Washington;

2. Plaintiff shall be awarded its fees and costs in an amount to be determined following the filing of a petition for the same;

3. The pending motions of FinServ and A.M.Y. referenced above are hereby **DENIED AS MOOT** (ECF. Nos. 2,3, 4 and 15);

4. This file shall be closed.

**DATED** this 26th day of June, 2013.

*s/Lonny R. Suko*

LONNY R. SUKO
UNITED STATES DISTRICT JUDGE

ORDER - 4